MARION COUNTY *v.* EDWARD A. WOULARD.

1. COUNTY.  *Claim against same.  Presentation to supervisors.*  *Code* 1892, §§ 292, 320.

   A claim against a county is not enforceable by suit until it has been presented to the board of supervisors for allowance.

2. SAME.  *Contract for services.  Quarantine guard.*  *Code* 1892, § 2278.

   A claim against a county for services as a quarantine guard is not maintable by suit unless the contract for such services is manifested on the minutes of the board of supervisors, nor when such minutes disclose no order establishing quarantine, nor prescribing reasonable rules and regulations for the enforcement of the same. *Supervisors* v. *Clay,* 58 Miss., 817, cited.

FROM the circuit court of Marion county.

THADDEUS A. WOOD, Judge.

The appellee, the plaintiff in the court below, recovered judgment against Marion county, defendant there, for $78.50 for services rendered in 1897 as quarantine guard on the public road leading into the town of Purvis on the south. He was employed by the county health officer, who had been appointed by the state board of health, to guard this road, and it was agreed between them that his compensation should be fixed and paid by the board of supervisors of the county. The authority of the health officer was entirely verbal, and given by the members of the board while sitting in regular session, and while discussing the outbreak of yellow fever on the gulf coast, and the prevailing excitement of the people in consequence thereof, together with the dangers to be apprehended from the spreading of the disease. No order was made or entered upon the minutes in reference to the verbal authorization given to the health officer. Defendant's objections to the introduction of the parol evidence offered to show the verbal instructions given to the health officer by the members of the board were overruled, and defendant excepted. Defendant's motion for a new trial was overruled, and this appeal thereupon prosecuted.

*C. R. Foxworth,* for the appellant.

The action was not maintainable, for the reason that the contract relied on was not evidenced by the minutes of the board of supervisors. Code 1892, § 2278; *Supervisors* v. *Clay,* 58 Miss., 817.

*Monroe McClurg,* attorney-general, on the same side.

There is nothing in the record to show that the appellee ever presented his claim for services to the board of supervisors. for allowance or rejection; this is a condition precedent to the bringing of a suit against the county, and for this reason this case must be reversed. Annotated Code, secs. 320, 79; *Taylor*

*v. Marion County,* 51 Miss., 731; *Lawrence Co. v. Brookhaven,* 51 Miss., 68.

Appellee relies upon § 2275 of the Annotated Code authorizing the state board of health to appoint county health officers, and § 2276, as amended by chapter 39, acts 1894, p. 34, prescribing his duties, and § 2278 authorizing boards of supervisors to establish local quarantines in the counties. Under § 2278 the indispensable condition precedent to the employment of guards to enforce the rules and regulations of the local quarantine is the establishing of the local quarantine, and the prescribing of "reasonable rules and regulations" for the enforcement thereof. Whatever "the members of the board" do verbally, it cannot be even plausibly contended that they may thus establish quarantines and "prescribe rules and regulations" for the enforcement thereof verbally. There is not a word in the transcript, not to mention a record, showing that a local quarantine had ever been established. Upon this proposition there is no escape from a reversal of this case.

In *Tallahatchie County v. Harrison,* 75 Miss., 744, this court held to a strict construction of the statute in passing upon the claim of a physician for professional service rendered in exact accord with the language of the law, holding the physician to a knowledge of the real status of the patient regardless of the value of his service. *Gray v. Coahoma County,* 72 Miss., 303; *Green v. Monroe County,* 72 Miss., 306.

The case of *Crump v. Colfax Co.,* 51 Miss., 107, is not in point, and has not been followed in subsequent decisions. In *Supervisors v. Clay,* 58 Miss., 817, it is distinctly held that the board of supervisors has no authority to make a contract except by order duly entered on its minutes.

*K. McInnis,* for the appellee.

The claim of the appellee was for services rendered in good faith in a matter of public utility, and upon the assurance of payment by an officer who had been in fact authorized to hire

quarantine guards by those in whom such authority was vested by law. This authority, given by the members of the board, was given while that body was in session, and the fact that it did not take the form of an order entered upon their minutes should not affect appellee's right to compensation. He should at all events be allowed to recover for the value of his services. *Crump* v. *Colfax County,* 52 Miss., 110, 111.

WHITFIELD, J., delivered the opinion of the court.

There is not a hint in the record that this claim against the county was ever presented to the board of supervisors for allowance. Such presentation is a condition precedent to the right to sue. Code of 1892, §§ 79, 320, and especially § 292, and authorities thereunder.

Nor was there any contract made on the minutes of the board. *Bridges* v. *Supervisors,* 58 Miss., 817. Nor was there on the said minutes any order "establishing local quarantine," nor any prescribing "reasonable rules and regulations" to "enforce" the same, as contemplated by § 2278, code of 1892.

*Reversed and remanded.*