GILCHRIST-FORDNEY CO. *v.* KEYES ET AL.

[74 South. 619, Division B.]

1. QUIETING TITLE. *Necessity to show title.*

In a suit to confirm title, in order to entitle complainant to the relief sought, it must deraign a good title and prevail upon the strength of its own title. The bill must present a perfect deraignment of title.

2. COUNTIES. *Board of supervisors. Timber deed. Sufficiency.*

It takes an affirmative act of the board of supervisors within the scope of its authority, evidenced by an entry on its minutes to bind the county by a contract, hence a timber deed executed by individual members of the board, unsupported by previous order entered upon the minutes evidencing the contract is a nullity.

3. COUNTIES. *Board of supervisors. Conveyance of timber on school land.*

The statutory jurisdiction of the board of supervisors to sell merchantable timber on sixteenth section school lands, must be exercised in county meeting, where negotiations may be had and all objections heard and a safe contract agreed upon.

APPEAL from the chancery court of Smith county.

HON. SAM WHITMAN, Chancellor.

Suit by Gilchrist-Fordney Company and others. From a decree sustaining a demurrer to amended bill of complaint, complainant appeals.

The facts are fully stated in the opinion of the court.

*T. J. Wills,* for appellant.

The deed of conveyance was valid and vested in the grantee and his assignees the right to cut and appropriate the timber whenever it could be lawfully done. *Caston* v. *Lumber Co.,* 69 So. 668. The board of supervisors of Smith county could sell the right to cut and remove the timber only to or with the consent of the lessee of the land. *Fernwood Lumber Co.* v. *Rowley,* 71 So. 3.

The sale by the lessee of the timber passed his consent to the grantee therein to procure from the board of supervisors the right to cut and remove the timber from the land.  It was a valid deed of conveyance and one that should be reformed.

. It is not necessary to have the deed reformed, before a purchase of the right to cut and remove the timber was obtained from the board of supervisors.  The purpose and intent of the parties control.  The contract actually made between the parties govern the right to purchase from the board of supervisors, and not the expression in the deed, where the deed fails to express the intent of the parties.  The grantee could purchase from the board of supervisors and obtain all of the rights to the timber before the instrument was reformed, and afterwards reform the instrument, that he could have obtained after the reformation of the instrument.

The grantee had a right to purchase from the board of supervisors the reversionary .interest in the timber to cut and remove the same from the land.  *Dantzler* v. *State* 97 Miss. 355, 53 So. 1; *Miss. Saw Mill Co.* v. *Douglas,* 65 So. 885; *State* v. *Dunnan,* 67 So. 461.

The action of the court in sustaining the demurrer and dismissing the bill of complaint was error.  The decree should be reversed and the cause remanded with directions to proceed in the manner provided by law.

*Sidney L. McLaurin,* for appellee.

The pretended sale by the board of supervisors was void for two reasons: First, because the record shows that there was no action of .the board of supervisors, but merely that the individual members of the board signed what purported to be a deed to appellant.  See ''Exhibit A-1'' to bill of complaint.  The only way for a board of supervisors to take any binding action is by

an order entered on its minutes. *Mississippi Saw Mill Co.* v. *Douglas,* 65 So. 85. Second, the board of supervisors had no power to convey the timber and the right to cut the same to appellant because the consent of the lessees had not been obtained. *Dantzler* v. *State,* 97 Miss. 355.

There being two tenants in common, it will be absolutely essential to have the consent of both cotenants before the deed from the board of supervisors would be effective. A sale of timber by only one co-tenant is void. *Barnes* v. *Lynch,* 21 Am. State Reports 470; *Benedict* v. *Mee,* 11 L. R. A. 278.

Currie and Keyes were tenants in common of the unexpired lease and though neither one was the absolute owner of the timber, Currie had certain rights and interests therein of which he could not be deprived, even by the joint action of Keyes, the co-tenant, the board of supervisors and appellant.

The original bill was designed to confirm complainant's title to the timber and the amended bill seeks the same purpose. If any right of action to reform the deed from Keyes to Ainsworth ever existed, it is completely barred by the statute of limitations. The deed was made in February, 1900; the original bill was filed in April, 1911, and the amended bill was filed in 1914; and therefore, even before the original bill was filed, more than ten years had elapsed after the execution of the deed from Ainsworth.

The right of action against Keyes for the reformation of his deed, if it ever existed, accrued immediately upon the delivery of the deed by him to Ainsworth in February, 1900, and the statute of limitation would begin to run from that date and the bar of the statute was completed before the filing of the original bill.

The effort to deprive Currie of his right to an interest in the timber, without his consent, is a system of judicial juggling which will not be tolerated by a court

of justice.  Therefore, it is respectfully submitted that there is no equity on the face of the bill and the judgment of the court below should be affirmed.

STEVENS, J., delivered the opinion of the court.

Appellant prosecutes this appeal from a decree of the chancery court of Smith county sustaining a demurrer to an amended bill of complaint exhibited by appellant, as complainant in the court below, against appelless, by which it is sought to reform a deed conveying timber rights on sixteenth section lands, and by which it is further sought to quiet and confirm the alleged title of the complainants in the merchantable timber on the lands described in the bill.  It is charged in the amended bill that appellees E. B. Keyes and Homer Currie were tenants in common of the unexpired lease of said land, that on February 16, 1900, appellee Keyes conveyed the timber to one Ainsworth, and that by mesne conveyances appellant acquired Ainsworth's title to the timber.  It was further alleged that on February 8, 1911, appellant purchased the merchantable timber from the board of supervisors of Smith county.  In deraigning title, the bill shows that there was no order entered upon the minutes of the board of supervisors evidencing any contract by which the board undertook to sell or did sell the merchantable timber, or by which the board undertook to convey the timber on the lands in question. The deed shown in the deraignment of the title appears to be a deed executed simply by the individual members of the board of supervisors without a precedent order entered in open and regulat meeting.  The bill shows that Keyes, in executing a conveyance to the timber, described the property conveyed as being "all falling and lying timber."

Complainant charges that the grantor intended to convey "all standing, falling, and lying timber," and

that by mutual mistake the word "standing" was omitted. The record shows that, while the timber deed in question was executed in 1900, no complaint of this mutual mistake is made until the filing of the amended bill of complaint in February, 1914. The grantee of this right to the "falling and lying timber" appears to have undertaken to purchase the merchantable timber from the board of supervisors. This alleged deed of the board to the merchantable timber was executed in 1911, and, at the time it was executed, appellee Homer Currie owned an undivided interest in the unexpired lease and had not joined in the execution of any timber deed whatever. Homer Currie was not a party to any effort to purchase the merchantable timber, but claims adversely to appellant. The bill seeks to cancel the claim of both Keyes and Currie to the merchantable timber as an alleged cloud upon the title of the complainant.

The amended bill and exhibits thereto show that appellant has no title to the timber. The bill is essentially one to confirm title. To entitle the complainant to the relief sought, it must deraign a good title and prevail upon the strength of its own claim, the bill must present a perfect deraignment of title. In our judgment, the deed executed by the individual members of the board of supervisors, unsupported by a precedent order entered upon the minutes, is a nullity. In *Bridges & Hill* v. *Board of Sup'rs,* 58 Miss. 817, our court, by CHALMERS, C. J., observed:

It takes an affirmative act of the board within the scope of its authority, evidenced by an entry on its minutes, to bind the county by a contract."

And in *Marion v. Woulard,* 77 Miss. 343, 27 So. 619, there was an effort to recover from the county seventy-eight dollars for services rendered as a quarantine guard during the yellow fever epidemic, and the court, by WHITFIELD, J., says, "Nor was there any contract

made on the minutes of the board,'' and cited the Bridges & Hill Case.

Under the opinion which we entertain on the one point mentioned, we pretermit any expression of opinion of the apparent laches of the complainant in waiting fourteen years to seek reformation, or upon the statute of limitation. The primary object of this bill is to recover the merchantable timber as against appellees, and, in so doing, to rely upon a title which could only be conveyed by the board of supervisors. In acquiring title to the merchantable timber, a good and valid order of the board would be the sole evidence of the contract, and without a contract there could be no valid conveyance by the members of the board. The statutory jurisdiction of the board to sell merchantable timber on sixteenth section school lands is of far-reaching importance and must be exercised in county meeting, where negotiations may be had and all objections heard, and a safe contract agreed upon. The enforcement of any other rule would permit to be done secretly that which should be done openly and in the light of the widest publicity.

It further appears that the rights of Homer Currie, as one of the lessees, have been utterly ignored.

The case of *Caston* v. *Lumber Co.,* 69 So. 668, relied upon by appellant, has little application, and certainly does not control the main point here presented.

*Affirmed.*