## Yazoo-Delta Mortgage Co. *et al. v.* Lumbley.[*]

(En Banc. March 19, 1928.)

[116 So. 95. No. 26871.]

Taxation. *Tax collector may not sell delinquent lands to person bidding less than taxes and costs; tax deed undertaking to convey to purchaser bidding less than taxes and costs held void; statute requiring tax collector to strike off delinquent lands to state if no one bids whole amount of taxes and costs held mandatory; violation of statute requiring tax collector on failure of any one to bid whole amount of taxes and costs to strike off land to state held not cured by other statutes (Hemingway's Code 1927, sections 6103, 8247, 8251).*

Under section 6103, Hemingway's Code 1927 (Laws 1912, chapter 230), providing that "if, upon offering the land of any delinquent taxpayer, constituting one tract, no person will bid for it the whole amount of the taxes and all costs, the collector shall strike off the same to the state," the tax collector has no right to sell delinquent tax lands to a person bidding less than the taxes and costs, and a deed undertaking to convey such is void. The statute is mandatory in its terms, and the violation of such is not cured by section 8247, Hemingway's Code 1927 (chapter 199, Laws 1908), and section 8251, Hemingway's Code 1927 (section 4332, Code 1906).

Anderson, J., and Smith, C. J., dissenting.

[*]Corpus Juris-Cyc. References: Taxation, 37Cyc, p. 1338, n. 94; p. 1354, n. 83; p. 1380, n. 71; p. 1479, n. 88.

APPEAL from chancery court of Sharkey county.

HON. J. L. WILLIAMS, Chancellor.

Suit by R. W. Lumbley against the Yazoo-Delta Mortgage Company and others to confirm a tax title. From a judgment for complainant, defendants appeal. Reversed and remanded.

*Roberson, Yerger & Cook,* for appellants.

We respectfully submit that by the statutes of this state and the uniform authorities in this country, a tax collector who sells lands for a less amount than all the taxes and costs, makes an invalid sale. It is uncontradicted from this record that the whole amount of the taxes and costs due at the time of the sale of these lands was seventy-three dollars and fifty-four cents. It is uncontradicted that the tax collector sold the lands in controversy for sixty-four dollars and thirteen cents. We respectfully submit that this sale is absolutely void. Section 6103, Hemingway's Code 1927, provides in part: "If, upon offering the land of any delinquent taxpayer constituting one tract, *no person will bid for it the whole amount of taxes and all costs, the collector shall strike off the same to the state.* The authorities in other states of this Union are unanimous in holding that a tax sale made under such circumstances is void. "Under the statutory provisions generally in force, the sale must be for the amount due. A sale under the statute for less than the amount due is invalid, unless the difference is so slight as to be immaterial." Page & Jones, Taxation by Assessment, 1859. We also quote 37 Cyc. 1338, as follows: "It is always the intention that land offered at tax sale shall bring not less than the whole amount of taxes due on it, with the lawful costs and charges, and in some states this is positively required by law, so that a sale made for a less amount is void." Our court expressly approved the proposition which we contend for

in *Havard* v. *Day,* 62 Miss. 748.   It is the public policy
of this state that the state and its various subdivisions·
shall collect all the taxes due by purchase by individuals
or the state shall become the owner of the land.   The
statute uses the mandatory word "shall."   It does not
grant to the collector any discretion whatever.   It is so
manifest to our mind that this tax sale is void that we
shall not further press the point.·

*Clements & Wright,* for appellee.

There is nothing in this record to show what the tax
on this property was.   The valuation of the property
does not appear in the record.   The copy of the Deer
Creek Pilot is not shown to be the official list of the tax
collector; the tax collector does not testify in this case.
An advertisement of the delinquent tax list is not es-
sential to a valid sale.   Sec. 8247, Hemingway's Code,
1927.   There is nothing in this record to show that the
figures in the Deer Creek Pilot are correct or were fur-
nished by the tax collector.   But appellant says it is
shown on the back of the deed.   There is no law requir-
ing the tax collector to put anything on the back of the
deed; therefore no figures that may appear, especially
without some proof of their correctness, or as to who put
them on, could affect, legally, the consideration expressed
in the face of the deed.

The presumption is, that the officer did his duty, and
the deed is made *prima-facie* evidence of a valid assess-
ment and sale.   Sec. 1715, Hemingway's Code 1927.   But
aside from all this, conceding for the sake of the argu-
ment, that the tax collector sold for a less amount than
due, under our system this section of the code is merely
directory, for the reason that the tax collector under sec-
tion 8296, Hemingway's Code 1927, together with his
bond, is charged with all the tax and damages that he
should have collected, therefore it makes no difference

what amount he collects, in his settlement he pays the correct amount.   It doesn't avoid the sale.

All the decisions cited by appellant on this point turn on either local statutory question, or are general propositions where there are no specific statutes involved.   The case relied on by appellant, *Havard* v. *Day,* 62 Miss. 748, taken in the light of subsequent action of the legislature, shows that the policy of the legislature is, that where there is a valid assessment and the tax has not been paid or legally tendered, a sale should not be upset. This is clearly shown by the present laws. When the above decision was rendered under the Code of 1871, the law then in force had no such provisions as now, "and, if any, part of the taxes for which the land was sold was illegal or not chargeable on it, but part was chargeable, that shall not affect the sale nor invalidate the conveyance, unless it appear that before sale the amount legally chargeable on the land was paid or tendered to the tax collector."  So it is evident that had the law at the time the above decision was rendered been as before quoted, there would have been no such decision as *Havard* v. *Day.*  Our court holds that a party attacking a deed must bring themselves within the exceptions, for that is the only defense to the deed.  *Reed* v. *Heard,* 97 Miss. 743; *Jones Co. Land Co.* v. *Fox,* 120 Miss. 812; *Brown* v. *Clark,* 138 Miss. 501.

ETHRIDGE, J.  Lumbley, the appellee, purchased certain real estate at a tax sale, and, after two years for the redemption thereof had expired, brought suit to confirm the tax title, alleging in his bill that on the 1st day of February, 1922, and prior thereto, the Planters' Bank of Clarksdale, Miss., was the owner in fee simple of certain lands described, and that such lands were assessed for taxes for the year 1922 on the land rolls of Sharkey county, Miss., and that P. L. Abel became the owner of said lands on the 5th day of December, 1922, and con-

tinued and was the owner of such lands on the 2d day of April, 1923. He further averred that the taxes on said lands had never been paid for the year 1922, and that same being in default, after due advertisement, the said lands were sold by the sheriff and tax collector of Sharkey county on the 2d day of April, 1923, and that the complainant, R. W. Lumbley, became the best bidder therefor, and the purchaser thereof, at and for the sum of sixty-four dollars and thirteen cents. It was further averred that the said lands were not assessed to any other person; that the two-year period of redemption allowed under tax sales, expired on the 3d day of April, 1925; that after the expiration of the said redemption period, the deed to such lands was delivered to the complainant, and that title to such was vested in him; that he had the right to have this title confirmed in him, and the court had jurisdiction for that purpose; that he prayed for appellant to be made party defendant with certain other parties, "then and there to plead, answer, or demur" to the bill, and for a decree to quiet and confirm the title to said land in him against all persons claiming to own such lands.

The appellants filed an answer in which they denied that the real estate described in the bill was assessed for taxes on the land rolls of Sharkey county for the year 1922; denied that any taxes assessed against said property for the year 1922 were never paid; denied that they were sold in accordance with law; denied that Lumbley purchased said land at the said tax sale on the 2d day of April, 1923, or at any other time; denied that complainant had any title by virtue of any alleged tax sale as referred to in his bill of complaint; and denied that Exhibit A to the bill of complaint was a deed executed pursuant to any tax sale.

It was agreed by and between the parties to this cause that there were no lienholders in interest in the case, or involved in any way; that the title of the defendants to

this suit is that title vested in them by virtue of a certain deed executed by the Planters' Bank of Clarksdale to P. L. Abel, trustee, which deed is recorded in Book 32, at page 59, of the Land Deed Records of Sharkey county, Miss., and which deed is, by consent of the parties, offered in evidence. It was further agreed that the assessment roll of 1922, under which this sale was made, or had, shows that the land in question in this case was assessed to Mrs. E. B. Dye.

Counsel for the appellee offered, in evidence, the deed dated April 2, 1923, from H. J. Wright, tax collector, to R. W. Lumbley, but the appellants objected for the reason that the instrument disclosed upon the back thereof that the total amount of tax due on the property described was for seventy-three dollars and fifty-four cents, while on its face the instrument disclosed that the property was sold by the tax collector for sixty-four dollars and thirteen cents; and they respectfully submit that the instrument was void for the reason that the tax collector had no power to make a sale for any amount less than the taxes, costs, etc., due on the property, as the statute provided, which objection was overruled, and the deed was admitted and appears in the record. On the face of the deed, it recited that R. W. Lumbley bid the sum of sixty-four dollars and thirteen cents, and that the said land was sold to him; on the back thereof, the schedule of taxes, damages, and costs amounted to seventy-three dollars and fifty-four cents.

It was further agreed that Lumbley had paid all of the taxes assessed against the property since that sale, and that P. L. Abel, secretary of the Yazoo-Delta Mortgage Company, would testify that during the months of January and February, 1923, he was secretary of the Yazoo-Delta Mortgage Company; that on January 25, 1923, he wrote the sheriff and tax collector a letter in which a request was made for a statement of the taxes paid for the year 1922 on the lands owned by the said company,

in Sharkey county, which were described in the said letter and which included the lands in controversy; that he received no reply to this letter, and on January 31, 1923, he wrote a second letter, inclosing blank drafts with the request that the sheriff fill them out for the taxes on realty and personalty owned in said county by said company. This letter requested the sheriff and tax collector to fill in the drafts "in accordance with the description already in your hands or inclosed herein, and draw on us for the amount of such taxes, with tax receipts attached." On the 8th day of February, 1923, H. J. Wright, sheriff and tax collector, drew on the Yazoo-Delta Mortgage Company, liquidating agents, Clarksdale, Miss., the two drafts, marked Exhibits 3 and 4 in the record, filled in by himself, and returned tax receipts to the Yazoo-Delta Mortgage Company for its realty and personalty. It was further agreed that Abel would have testified that, had the drafts been made to include the land in question, same would have been promptly paid, and he never, at any time, had received notice of the maturity of the tax above mentioned from the chancery clerk of Sharkey county, as provided by section 6967, Hemingway's Code 1917, as amended by Laws 1922, chapter 241. This was objected to, and the objection sustained. It was also agreed that W. W. Rothchild, the present secretary of the company, if present, would testify that he was secretary for the Yazoo-Delta Mortgage Company during the years 1925 and 1926, and that this company received no notice of the tax sale, as provided in the section above mentioned, to which objection was interposed and sustained.

The chancery clerk, upon being introduced as a witness, testified that no list of lands sold to individuals for taxes for the year 1922 was made or delivered to him by the sheriff; that no such list was recorded in his office; that the regular book in which said lands sold to individuals for taxes, for the year 1922, were entered, did not

contain a description of the land involved in this suit; and that the same was not recorded in his office. This testimony was objected to for the reason that all that is necessary, where land is sold to individuals for taxes, is to file a tax deed. This objection was sustained. The land assessment roll for 1922, and the order of the board levying the county taxes for that year were offered in evidence for the purpose of showing that the statement of the amount of taxes, damages, and costs on the back of the complainant's deed is the true amount, but objections to such testimony were sustained by the court. The court thereupon entered a final decree confirming the title of the complainant, from which this appeal is prosecuted.

By section 6103, Hemingway's Code 1927 (Laws 1912, chapter 230), it is provided:

"If, upon offering the land of any delinquent taxpayer, constituting one tract, no person will bid for it the whole amount of the taxes and all costs, the collector shall strike off the same to the state, and he shall, on or before the first Monday of May thereafter, transmit to the land commissioner a certified list of the lands struck off by him to the state, specifying the day of sale and the amount of taxes for which the sale was made, and each item of cost incident thereto, and the land commissioner shall correct the list, if necessary, by the records of his office and of the United States Land Office, and strike from it land improperly on it, and return it to the collector for correction, if necessary, and the collector shall correct it as instructed by the land commissioner and return it to him as corrected.

"And when the list is corrected it shall be recorded in the land commissioner's office and shall then be certified by the land commissioner and be transmitted to the clerk of the chancery court of the county, and be by him recorded in a book kept for that purpose."

We think that, under this section of the Code, the sheriff has no power to sell to an individual land where

the individual does not bid for the land the whole amount of the taxes and all costs, but that the effect of the statute is to make the state a bidder for the said land at said amount, and the refusal of the sheriff to comply with the section, and his effort to sell the land for a less amount than the whole amount of the taxes and all costs renders his deed void. His failure to conform to the said section is not cured by section 8247, Hemingway's Code 1927 (chapter 199, Laws 1908), nor by section 8251, Hemingway's Code 1927 (section 4332, Code 1906). There are many provisions in the Code which are directory, and the failure to comply with them, though highly prejudicial to individual rights, is cured by these sections. Among these is section 8252, Hemingway's Code 1927, requiring a tax collector to file a list of lands sold to individuals; and section 8253, requiring the chancery clerk to notify the owners of the land of such sale. Section 6103, *supra,* is an important statute designed to protect both the state and the landowner. If a sale for less than the amount of taxes, damages, and costs can be made, and if it were valid when made, the state might be wholly unable to collect this revenue from the land so taxed, as the individual might be insolvent and the land would be the only means of affording the state a certainty of securing its revenue. On the other hand, it would be highly prejudicial to the individual owner, for the reason that the lands might be put up and sold for a mere fraction of the taxes due, leaving a personal debt due by him to the state which could be collected by judgment and execution, as a debt due by the debtor to the state under section 4256, Code 1906 (Hemingway's Code 1927, section 8189). See, in this connection, also, *Womack* v. *Central Lumber Co.,* 131 Miss. 201, 94 So. 2; *Hewes* v. *Seal,* 80 Miss. 437, 32 So. 55; *Brannan* v. *Lyon,* 86 Miss. 401, 38 So. 609.

*Reversed and remanded.*

ANDERSON, J. (dissenting).  In the first place, my opinion is, without any curative statute, that the irregularity in the tax sale upon which the judgment in this case is being reversed would not invalidate the sale.  But, concede, for argument's sake, it would.  If sections 4328 and 4332, Code 1906 (Hemingway's Code 1927, sections 8247 and 8251), do not cure such irregularities in tax sales, I am unable to see what the purpose of those statutes was. The first section referred to provides, among other things, that no "error in conducting the sale," for taxes "shall invalidate a sale" made "at the proper time and place;" and the second section referred to provides, among other things:

".  .  . And no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place; and, if any part of the taxes for which the land was sold was illegal or not chargeable on it, but part was chargeable, that shall not affect the sale nor invalidate the conveyance, unless it appear that before sale the amount legally chargeable on the land was paid or tendered to the tax collector."

It is true that our court has held that neither of these statutes was intended to validate a tax sale where the requisite *fundamentals* for such a sale have been violated.

But the failure of the tax collector, through error or otherwise, in properly calculating the true amount of the delinquent taxes and damages due by the taxpayer, is not one of the fundamental requisites of a valid tax sale.  It is rather a long stretch of the imagination, it seems to me, to hold, as the majority opinion does, that in a case of this kind the public revenues will suffer, for the taxpayer is still liable for any deficit that might exist after the sale of his property, and furthermore, the tax collector is liable on his bond for all taxes he fails to collect through his own fault.

SMITH, C. J., concurs in this dissent.