RUSSELL INV. CORPORATION *v.* RUSSELL.

(Division A. Feb. 14, 1938.)

[178 So. 815. No. 33028.]

(Division A.   June 20, 1938.)

[182 So. 102.   No. 33028.]

388

Garraway & Easterling, of Jackson, for appellant.

392

**A. Q. Broadus,** of Purvis, for appellee.

A. Q. Broadus, of Purvis, and **Green, Green & Jackson,** of Jackson, for appellee on Suggestion of Error.

J. T. Garraway, of Purvis, and Lamar F. Easterling, of Jackson, for appellant on Suggestion of Error.

Alfred Stoner, of Greenwood, amicus curiae.

**Hannah & Simrall,** of Hattiesburg, amicus curiae on Suggestion of Error.

**McGehee, J.,** delivered the opinion of the court.

This appeal presents the necessity of construing and applying chapter 196, Laws 1934, which prescribes a two-year statute of limitation within which actions may

be brought by the former owners of land to cancel tax sales thereof to the state, and the claim of title acquired by patentees of such land, on account of defects, irregularities or illegalities in the assessment, levy, or sale of such land for taxes.

On April 4, 1932, certain land in Lamar county belonging to appellee was sold to the state for the delinquent taxes due thereon for the year 1931. It was not redeemed within the two years then prescribed by law, nor within the additional year granted for that purpose under certain statutes enacted by the Legislature at its 1934 session. Title to this land matured in the state on April 4, 1935, and the land was sold under a patent issued on November 9, 1935, to Mrs. Hardy Chance, from whom appellant purchased.

Section 1 of chapter 196, Laws 1934, provides, among other things: "That the owner, mortgagee or other person interested in any land which has been heretofore or may be hereafter sold or forfeited to the state for delinquent taxes may bring a suit or action to cancel the title of the state, or its patentees, or to recover said land from the state, or its patentees, on account of any defect, irregularity or illegality in the assessment, levy or sale of such land for delinquent taxes, within two years after the date this act becomes effective as to lands heretofore sold or forfeited to the state for delinquent taxes, and within two years after the period of redemption shall have expired, as to lands hereafter sold or forfeited to the state for delinquent taxes, and not thereafter."

And section 3 of said act provides that: "The completion of the limitation herein prescribed to bar any action shall defeat and extinguish all the right, title and interest, including the right of possession in and to such land, of any and all persons whatsoever, except the state of Mississippi and its patentees, and it shall vest in the state, and its patentees, a fee simple title to such lands."

This act was passed on April 4, 1934, and appellee filed his suit on November 16, 1936, to cancel the tax

sale to the state together with the patent and deed of conveyance through which the appellant claimed its title to the land involved.

The bill of complaint alleged that the appellee, as complainant in the court below, had failed to pay the taxes on this land for the year 1931, and that the sale was made on April 4, 1932, for such delinquent taxes, but it attacks the validity of the tax sale on account of certain alleged defects, irregularities, or illegalities in the assessment, levy, and sale. An original, an amended, and a supplemental bill of complaint were filed, to which amended and supplemental bills of complaint a demurrer was interposed by the appellant mainly on the ground that the allegations thereof affirmatively show that the complainant's alleged cause of action was barred by the two-year statute of limitation prescribed in said chapter 196, Laws 1934. The chancellor overruled this demurrer, and an appeal was allowed to settle the controlling principles of law involved.

It is the contention of the appellee that, although the tax sale of the land in question was made to the state prior to the enactment of said chapter 196, Laws 1934, the two-year statute of limitation did not begin to run until the expiration of the period of redemption, since the land was not forfeited to the state, as he contends, until the time for redeeming the same had expired. In answer to this contention it should be said that, while it is true that during the period of redemption a tax sale is inchoate, that is, subject to be defeated by redemption within the time and in the manner prescribed by law, nevertheless, if it is not so redeemed, the tax sale becomes valid, and the title relates back to the date of the sale and takes precedence over any mortgage, deed, or other instrument executed by the owner during such period of redemption.

In order to determine the legislative intent and purpose in the enactment of this statute, the consideration of certain other statutes, likewise dealing with the

subject-matter of land sold to the state for taxes and providing liberal terms for the redemption thereof by the former owners, has proven helpful in the interpretation of this particular statute. The Legislature, at its Extraordinary Session of 1932, by chapter 383 (Laws 1934, p. 653), provided that the owner of any land sold for taxes for the years 1932-33 or 1933-34 might redeem the same at any time within three years after the date of sale. This act did not embrace the sales of land made in 1932 for the delinquent taxes thereon for the year 1931, but on March 16, 1934, the Legislature enacted chapter 337, providing, among other things, that any person interested in any land sold to the state for taxes for the year 1931 might redeem the same at any time within three years after the date of sale, by paying to the chancery clerk the amount of all taxes for which the land was sold, with all costs incident to the sale, and 25 per cent on the amount of taxes for which it was sold and all costs, and all taxes and costs that might have accrued on the land since the sale. Then on April 4, 1934, the Legislature also provided by chapter 189, in section 14 thereof, that lands sold in 1932 for taxes for the year 1931 might be redeemed within three years from the date of sale, and by the terms of the said chapter reduced the interest rate from 1 per cent. per month to 6 per cent. per annum, and provided that, if the owner should make application by December 15, 1934, he could either pay the taxes for which the land was sold and the subsequent taxes with 6 per cent. interest per annum, or in his discretion could pay the taxes, interest and costs for the year in which the land was sold and execute a tax redemption note for the amount of taxes and costs which had accrued on the land since the date of sale, the note to be paid in four equal annual installments. Also on April 4, 1934, the Legislature further provided by chapter 190 that the owners of all lands sold for taxes prior to that time might, before the expiration of the period of redemption, pay one year's taxes

and secure an extension for another year, and that during such extended period, of redemption they might secure successive extensions of one year as provided for under the terms of said act. However, appellee failed to take advantage of any of the opportunities offered in this behalf.

These remedies, all of which were cumulative, evidenced an intention on the part of the Legislature to coax the former owners of tax forfeited lands to redeem the same under the liberal terms thus provided; and, having thus dealt with the rights of the delinquent taxpayer with unprecedented liberality in providing easy methods whereby he could redeem his land, the Legislature then concerned itself with the matter of inducing the citizens of the state to purchase lands which had been sold to the state and which might thereafter be sold to the state, and assured them, under the authority of chapter 196 of the Laws of 1934, that after two years from the passage of the said act they could purchase any land theretofore sold to the state without incurring any risk whatsoever as to any defects, irregularities, or illegalities that might have existed in the assessment, levy, and sale of said lands, and that this would likewise be true as to all sales thereafter made, unless such assessment, levy, and sales were attacked within two years after the expiration of the period of redemption.

The Legislature at that time was confronted with an enormously difficult problem of trying to bring back on the assessment rolls for revenue producing purposes approximately 1,300,000 acres of land which had theretofore been sold to the state for delinquent taxes thereon, and it was manifestly the intention of the Legislature that the two-year statute of limitation prescribed by chapter 196, Laws 1934, within which actions could be brought to attack the validity of the assessment, levy, and sales of land to the state, should apply to all sales theretofore made to the state, regardless of whether the period of redemption had expired at the time of the

passage of this statute. To hold that the word "sold" applies to the date when the sale was made by the local tax collector, and that the word "forfeited" refers to the date of the expiration of the period of redemption, as these words are used in this chapter, would be equivalent to holding that the Legislature intended to prescribe two different statutes of limitation within either of which the taxpayer might have the option of filing his suit, since the statute expressly provides that the action must be brought within two years after the land is sold or forfeited to the state, and not thereafter.

From the foregoing views it necessarily follows that the present suit was barred by this two-year statute of limitation, and that the demurrer should have been sustained, notwithstanding the allegations of the bill of complaint to the effect that the assessment, levy, and sale of the land were not made according to law.

Reversed, and decree here for appellant.

**McGehee, J.,** delivered the opinion of the court on Suggestion of Error.

In the former opinion rendered in this case, which appears in 178 So. 815, the court considered and, as we think, correctly applied Chapter 196, Laws of 1934, in deciding the question presented by the appellant's demurrer which had been overruled by the court below. The bill of complaint filed by the appellee as former owner of certain land in Lamar County sought to cancel as a cloud on his title a tax sale made to the state on April 4, 1932, also a subsequent patent from the state to Mrs. Hardy Chance, and a deed from said patentee to the appellant, because of alleged defects, irregularities and illegalities in the assessment, levy and sale of the land for the delinquent taxes due thereon for the year 1931.

The allegations as to the invalidity of the tax sale were the same as those made in regard to the same assessment

and levy of taxes in Lamar County for that year in the case of Pettibone v. Wells, Miss., 179 So. 336, and which were therein held to be without merit, except that in the case at bar the sale itself is attacked upon two grounds: (1) That the land was offered for sale by the county prosecuting attorney instead of by the sheriff and tax collector, and (2) that the whole one hundred and fifty-nine acre tract was offered and sold as an entirety without the same having been first offered in subdivisions of forty acres, in the manner provided for by section 3249, Code of 1930.

In deciding the case we deemed the first of these objections to be of no consequence, since it is permissible for an officer or trustee to act through a deputy or agent in offering property for sale where such officer or trustee thereafter executes the conveyance in his own name. The second objection, though not consisting of a specific allegation of such facts as would show wherein there was a noncompliance with the statute above mentioned, we assumed, for the purpose of the decision, was a sufficient allegation of noncompliance to render the sale defective, irregular and illegal, and that therefore the bill of complaint and demurrer presented to us the necessity of construing and applying Chapter 196, Laws of 1934, since it affirmatively appeared that the suit was not brought within the two year limitation therein prescribed. In the former opinion we did not consider or pass upon the constitutionality of the statute in question. That issue was neither urged nor briefed with citation of authorities. The act was construed and applied as written. We think that the opinion correctly announces and applies the intention and purpose of the legislature in its enactment.

On suggestion of error the question of the constitutionality of the act has been fully briefed, and we have resorted to all available and legitimate sources of information in seeking to arrive at a correct conclusion in the

light of the decision in the case of Dingey v. Paxton, 60 Miss. 1038, and the other authorities cited by counsel for the litigants, as well as by counsel amicus curiæ.

In Dingey v. Paxton, supra, the land was sold to the state for taxes on May 10, 1875. Dingey was then in possession of the land and so remained until after August, 1879. During that month Paxton purchased the land from the state and immediately thereafter took possession of the same. The statute there under consideration was passed on April 11, 1876. The limitation therein provided expired, and under the statute the title vested in the state on January 1, 1878, at which time, continuously prior thereto, and until August, 1879, as aforesaid, Dingey was in possession of the land, whereas the bill of complaint in the case at bar does not sufficiently allege such possession by the former owner. Subsequent to August, 1879, Paxton, the purchaser, having dispossessed the former owner was sued in ejectment on account thereof. In that case the governing statute provided, among other things, that "no suit or action shall be brought in any court of the State, to vacate or impeach any such deed, or to maintain any title or deed antagonistic thereto, unless the same shall be brought within one year next after the date of such deed, and after the expiration of one year after the date of such auditor's deed, the same shall be held and deemed by all the courts of this State to be conclusive evidence of paramount title, and upon which actions of ejectment and all possessory actions may be maintained." Section 8. The court speaking through Judge Cooper said: "There is no doubt of the legislative will as expressed in the act. The evident purpose was to secure the title claimed by the State against all attacks by the owner upon any ground, after the expiration of the time limited. The act has a two fold operation: first, it prescribes a short period of limitation, after which no suit shall be brought by the owner for the recovery of the property; secondly, it gives to the

conveyances under the tax-sales a conclusive effect as evidence, thereby cutting off all inquiry into the existence of irregularities or defects, and thus operates as a curative law.'' In the course of the opinion it is further stated that ''the power of the Legislature to prescribe within what reasonable time one having a mere right of action shall proceed is unquestionable; but there is a wide distinction between that legislation which requires one having a mere right to sue, to pursue the right speedily, and that which creates the necessity for suit by converting an estate in possession into a mere right of action, and then limits the time in which the suit may be brought. The mere designation of such an act as an act of limitation does not make it such, for it is in its nature more than that. Its operation is first to divest from the owner the constructive possession of his property and to invest it in another, and in favor of the possession thus transferred to put in operation a statute of limitations for its ultimate and complete protection.''

In that case the lands sold had not been described in the assessment so as to be located; in other words, there had been no valid assessment. It is fundamental to jurisdiction and the existence of the power to sell that there shall be an assessment of the land; that the land shall be subject to taxation, and that the taxes thereon shall be unpaid. Therefore, the court had before it a sale to which there was a constitutional objection, even though the land was also sold on the wrong day in noncompliance with a statutory requirement. While the decision of the court was based on both of these objections, as well as the fact that the effect of the judgment of the court below was to require, under a statute of limitation, one in full possession and enjoyment of all that he claimed to commence within the prescribed time a suit to recover the land, the decision of the case may have well rested on the constitutional objection that the land was not described so as to be located, and on the fact

that there was an attempt to convert an estate in possession into a mere right of action.

In support of the correctness of the conclusion reached in Dingey v. Paxton, supra, it may be observed that the rule is universal to the effect that, to the extent that the statute there under consideration was dealt with as a curative law, it could not cure retroactively a failure to observe the constitutional requirements as to the assessment, levy and sale of the land for taxes. Dealing with the statute as one of limitation, the decision was also correct in holding that the legislature is without power to compel a resort to legal proceedings by one who is already in the possession and complete enjoyment of all he claims. Cooley's Constitutional Limitations, 8th ed., vol. 2, 763, 764. It is equally well settled that the legislature is vested with authority to cure by a retroactive statute the failure to observe any requirement that it may have dispensed with in advance, such as those which are merely statutory. In other words, the rule is that, in the absence of constitutional limitations, if the thing wanting, or which failed to be done and which constitutes the defect, irregularity or illegality in the proceeding, is something the necessity for which the legislature might have dispensed by prior statute, the legislature has power to dispense with by subsequent statute. Cooley's Constitutional Limitations, 8th ed., vol. 2, 775, 794; 12 C. J. 1091; 61 C. J. 1238, 1364; 6 R. C. L. 321; Bolles v. Brimfield, 120 U. S. 759, 7 S. Ct. 736, 30 L. Ed. 786; Street v. United States, 133 U. S. 299, 10 S. Ct. 309, 33 L. Ed. 631; Turpin v. Lemon, 187 U. S. 51, 23 S. Ct. 20, 47 L. Ed. 70; Sykes v. Town of Columbus, 55 Miss. 115; Powers v. Penny, 59 Miss. 5; Nevin v. Bailey, 62 Miss. 433; Gibbs v. Dortch, 62 Miss. 671; Griffith v. City of Vicksburg, 102 Misss. 1, 58 So. 781. This principle was also recognized in Dingey v. Paxton, supra, when Cooley's Constitutional Limitation, 370, was quoted in support thereof. The general rule last above mentioned is

subject, however, to the qualification that such curative power does not exist where there has been a total departure from the method the law has specifically and plainly declared as to the manner in which the sales shall be conducted, including a failure to first offer the land in subdivisions as required by statute. Virden v. Bowers, 55 Miss. 1; Griffin v. Ellis, 63 Miss. 348; Nelson v. Abernathy, 74 Miss. 164, 21 So. 150; and Womack v. Central Lumber Co., 131 Miss. 201, 94 So. 2. To the same effect so far as the principle involved is concerned is the case of Yazoo-Delta Mortgage Co. v. Lumbley, 149 Miss. 864, 116 So. 95, the reason being that the rights of all parties to the contract of a sale for taxes are fixed and governed by the statute under which the sale is made, and these rights cannot thereafter be substantially impaired under clause 1, section 10, Article 1 of the Federal Constitution, U. S. C. A. Const. art. 1, section 10, cl. 1. When the sale of appellee's land for taxes was here made the state was obligated under section 3249, Code of 1930, to offer it for sale in the manner therein provided, and the legislature could not remedy the failure to do so by a curative statute. But Chapter 196, Laws of 1934, does not undertake to cure or validate defects, irregularities and illegalities in the assessment, levy and sale of land for taxes. It is purely a statute of limitation, and does not take away any vested rights but fixes a reasonable period of time in which they may be asserted. It leaves the former owner the right to sue and have the sale declared void because of such defects, irregularities and illegalities. Clause 1, section 10, Article 1 of the Federal Constitution is not violated by a statute, as impairing an obligation of a contract, where the rights existing thereunder are neither taken away nor diminished, and where a reasonable time is provided in which they may be enforced after its enactment. In 12 C. J. 978, it is said that "the power to enact statutes of limitation is subject to the fundamental condition that a

reasonable time shall be allowed for the exercise of the rights of action, whether existing or prospective, after it comes within the prospective or present operation of the statute and before the bar becomes effective. . . . Within these limits, however, it is competent for the legislature, either by extending or reducing the period of limitation, to regulate the time within which suits may be brought even on existing causes of action.''

The Supreme Court of the United States held in the case of Turner v. State of New York, 168 U. S. 90, 18 S. Ct. 38, 40, 42 L. Ed. 392, that ''it is well settled that a statute shortening the period of limitation is within the constitutional power of the legislature, provided a reasonable time, taking into consideration the nature of the case, is allowed for bringing an action after the passage of the statute, and before the bar takes effect. Terry v. Anderson, 95 U. S. 628, 632, 633 [24 L. Ed. 365, 366]; In re Brown [McGahey v. Virginia], 135 U. S. 662, 701, 705-707, 10 S. Ct. 972 [34 L. Ed. 304, 316, 318].'' In the Turner Case the statute related to lands sold and conveyed to the state for nonpayment of taxes and provided that any action not begun within six months after its passage would be barred, and the court therein said: ''It was argued in behalf of the plaintiff in error that the statute was unconstitutional, because it did not allow him any opportunity to assert his rights, even within six months after its passage. But the statute did not take away any right of action which he had before its passage, but merely limited the time within which he might assert such a right. Within the six months, he had every remedy which he would have had before the passage of the statute.'' Likewise in the present case there was reserved unto the appellee by the statute a full period of two years after its passage in which to assert any defect, irregularity or illegality in the assessment, levy and sale in question. 12 C. J. 978; Callanan v. Hurley. 93 U. S. 387, 23 L. Ed. 931; De Treville v. Smalls,

98 U. S. 517, 25 L. Ed. 174; and 2 Cooley's Constitutional Limitations, 8th ed., 764, where it is said: "It is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action; though what shall be considered a reasonable time must be settled by the judgment of the legislature, and the courts will not inquire into the wisdom of its decision in establishing the period of legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice."

It is next insisted that the statute is unconstitutional in that it provides that the period of limitation therein prescribed shall not apply to lands sold to the state prior to January 1, 1928; that the distinction between lands sold prior to that date and those sold subsequently has no reasonable basis, and that the classification is in violation of the federal guaranty as to the equal protection of the law. U. S. C. A. Const. Amend. 14, section 1. However, the rule is announced in 6 R. C. L. 384, that "the question of classification is primarily for the legislature, and it can never become a judicial question except for the purpose of determining, in any given situation, whether the legislative action is clearly unreasonable. . . . When the classification in a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. The courts cannot require the legislature to specify its reasons for the classification, but they will always presume that the legislature acted on legitimate grounds of distinction, if such grounds exist." One who assails the classification in a statute must carry the burden of showing that it does not rest on any reasonable basis. It is presumed that the legislature in making discriminations in classifications in statutes bases them on adequate grounds. State v. Gilmer Grocery Co., 156 Miss. 99, 125 So. 710.

In determining whether statutes enacted by the legislature transcend the limits imposed by the federal and state constitutions the courts should proceed with the greatest possible caution; and they should never declare a statute void unless its invalidity is in their judgment established beyond reasonable doubt. They should adopt a construction that will bring it into harmony with the constitution by restricting its application to the legitimate field of legislation, whenever necessary in order to uphold its constitutionality and carry its provisions into effect. Money v. Wood, 152 Miss. 17, 118 So. 357; Mai v. State, 152 Miss. 225, 119 So. 177; Smith v. Chickasaw County, 156 Miss. 171, 125 So. 96, 705; Miller v. Sherrard, 157 Miss. 124, 126 So. 903; Chassanoil v. City of Greenwood, 166 Miss. 848, 148 So. 781; Id., 291 U. S. 584, 54 S. Ct. 541, 78 L. Ed. 1004; Tucker Printing Co. v. Board of Supervisors of Attala County, 171 Miss. 608, 158 So. 336. It has been said that "to doubt the constitutionality of a law is to resolve such doubt in favor of its validity." Every intendment is in favor of constitutionality unless its repugnancy to the constitution clearly appears, or is made to appear beyond a reasonable doubt. In 6 R. C. L. 101, it is said that "a statute enacted with the constitutional formalities comes before the courts sustained and authenticated by the sanction and approval of two of the three great departments of the state government, and hence the presumption in its favor." The propriety, wisdom and expediency of legislation is a question for the legislature and not for the courts, even though the particular statute under review may appear to be unwise or detrimental to the best interest of the state and not in accord with the principles of natural justice. It will be presumed that the legislature has considered the effect of the statute on the constitutional rights of the citizen, and that it acted from patriotic and just motives and with a desire to promote public good. This presumption is strengthened in

the present case by the considerations which actuated the legislature, as discussed in our former opinion.

It is next urged that the statute cannot be upheld as applying to sales of land for taxes made prior thereto, for the reason that the former owner is required in such cases to challenge the legality of the sales, if at all, within two years from the date of the passage of the act, whereas under Chapter 383, Laws of 1934, the former owner was given three years from the date of sale in which to redeem land sold in 1933 and during the other years therein mentioned, and that by virtue of Chapter 196, passed on April 4, 1934, lands previously sold, as for instance, in September, 1933, could be redeemed as late as September, 1936; that, therefore, Chapter 196, Laws of 1934, by its very terms would vest the fee simple title of such lands in the state, or its patentees, before the expiration of the three year period of redemption allowed therefor. Our response to this contention is that we do not now have such a case before us. Until a case is presented wherein the statute is sought to be applied so as to cut off an unexpired portion of the period of redemption it is unnecessary to pass on the question. As to the land here involved, the period of redemption expired prior to the time when the bar of the two year statute of limitation could become effective. We are of the opinion that the fact is immaterial here that the statute of limitation ran concurrently with a portion of the period of redemption, since its effect was not to shorten the redemption period, and the appellee as former owner was authorized by section 404, Code of 1930, to institute, prior to the expiration of the period of limitation, a suit to cancel the claim of the appellant as a cloud, doubt or suspicion on his title, whether appellee was in possession or not, or whether he was threatened to be disturbed in his possession; although he was not required to do so by any statute of limitation so long as he may have remained in possession after the sale. Dingey v.

Paxton, supra; Cooley's Constitutional Limitations, 8th
ed., 763, 764; Hamner v. Yazoo Delta Lumber Co., 100
Miss. 349, 56 So. 466. We find nothing contra on this
point in Atchafalaya. Land Co. v. Williams Cypress Co.,
258 U. S. 190, 42 S. Ct. 284, 66 L. Ed. 559, since the cir-
cumstance of possession of the land was there also pres-
ent.

As applied to defects, irregularities or illegalities in
the assessment, levy and sale of land to the state for tax-
es, other than jurisdictional or constitutional objections,
we are of the opinion that the constitutionality of the
said chapter 196, Laws of 1934, must be upheld; that
within this limitation the statute may be successfully
invoked as one of limitation against any suit which seeks
to challenge the validity of any tax sale to the state, em-
braced within provisions, on the ground of the existence
of such defects, irregularities or illegalities, and particu-
larly where the effect of its application would neither be
to shorten the period allowed for redemption, nor to di-
vest an estate in possession.

But it should be noted that the bill of complaint in the
case at bar, as heretofore stated, does not sufficiently al-
lege possession of the land on the part of the appellee
either at the time of the enactment of Chapter 196, Laws
of 1934, or thereafter, but in view of the fact that he
would have been entitled to amend the pleading in that
behalf had the demurrer been sustained by the court be-
low, the cause should now be reversed and remanded for
such further proceedings as may be deemed proper. And
in order that there be no doubt as to what we here hold,
let it be understood that whenever it is sufficiently shown
in any case that the former owner of land sold to the
state for taxes has remained in possession thereof after
the sale, either in person or by tenant, then and in such
event Chapter 196, Laws of 1934, shall have no applica-
tion, and that the claim of title and possession of such
former owner can be defeated only by proof of a valid

assessment, levy and sale of the land for taxes both under the statutes as well as the Constitution, coupled with a failure to redeem from such sale within the time allowed by law. Otherwise, the statute must be given full force and effect, within the constitutional limitations hereinbefore mentioned, and as provided for in section 3 thereof, which declares, in keeping with the statutory provisions in regard to the effect of other statutes of limitation, that the completion of the period of limitation shall defeat and extinguish any pre-existing right or remedy of all persons whatsoever, except the state and its patentees, etc.

Finally, it is contended that the appellee stated a case for equitable relief on the ground of the alleged fraud perpetrated on the state by the appellant, acting through the patentee as its agent, in the purchase of the land. Assuming, but not deciding, that if the facts alleged in the bill of complaint in that behalf are true the patent from the state to the predecessor in title of the appellant is invalid, still under the case now presented, the appellee in order to recover must allege and prove an existing title in himself, independently of any defect in the title claimed by the appellant, or of the fraud perpetrated in its procurement. Jones v. Rogers, 85 Miss. 802, 38 So. 742; Gilchrist-Fordney Co. v. Keyes, 113 Miss. 742, 74 So. 619.

For the reasons hereinbefore given we adhere to our former holding that the demurrer should have been sustained, but the final judgment rendered here will be set aside and the cause will be remanded.

Suggestion of error overruled.