FRANK S. HEWES *v.* MARY N. SEAL.

TAXATION.　*Redemption.　Void sale.　Tracts separately asseesed.　Code* 1892, § 3823.

　Where parcels of land, separately assessed to a single owner, have been sold together for the aggregate amount of the state and county taxes due thereon, and embraced in a single tax deed, such sale being void, any one interested therein is entitled to redeem the whole of any of the parcels so separately assessed, the objection that under code 1892, § 3823, a redemption is not allowable of a part of the land embraced in a tax deed, being without merit in such case.

FROM the chancery court of Harrison county.

HON. STONE DEAVERS, Chancellor.

The appellee, Mary N. Seal, was complainant, and the appellant, Frank S. Hewes, one of the defendants in the court below.

Roderick Seal owned a large quantity of land in Harrison county, consisting of separate tracts, some of it being town lots. All of it was assessed to him in 1899, the separate pieces appearing on the assessment roll in different places, separated by other lands.　Seal died, and the taxes due on the land for the

year 1899 were not paid, and in March, 1900, the time fixed
by law, the tax collector sold the land for the taxes. In making
the sale he first offered a proper quantity, which failed to bring
the full amount of the taxes due on all the land. He added
another piece, not treating each separate piece as an independ-
ent assessment, and when the whole of any one separate tract
failed to bring an amount sufficient to pay the whole tax due
he added another, or a part of another, separate tract, and so
on until the whole of Seal's land was offered and bid in by de-
fendant Sintes, and the tax collector made him a deed convey-
ing all the lands to him, and lodged it with the clerk of the
chancery court, appellant, Hewes. Subsequent to this tax sale,
appellee, Mary N. Seal, acquired title to a portion of
these lands. She applied to appellant, Hewes, who was chan-
cery clerk, to redeem that portion of the lands embraced in her
deed. The clerk refused to permit her to redeem that portion
of the land unless she would pay all the taxes and damages,
and redeem all the land embraced in the deed to Sintes, claim-
ing that he had no authority, under § 3823 of the code of 1892,
to partially cancel a tax deed. Mrs. Seal then filed her bill
in the chancery court of Harrison county, setting up the fore-
going facts, seeking to compel appellant, Hewes, to accept the
taxes and damages for the lands she owned, and allow her to
redeem same from the tax sale. Sintes was made a party to
the bill. Act Feburary 17, 1888 (laws 1888, p. 206, ch. 166),
provides that whenever lands in Harrison county change own-
ership the owner shall have the right to pay the taxes assessed
against said lands to the sheriff and tax collector; and, where
the change of ownership occurs in lands sold for taxes, the
owner applying to pay said taxes shall pay over to the tax col-
lector the proper *pro rata* share of taxes due on said lands hav-
ing changed ownership for the benefit of said buyer of said lands
at tax sale. Defendant Hewes demurred to the bill because it
seeks to impose on him the duties and responsibilities which
are placed by law on the sheriff; because it seeks to force de-

fendant, contrary to law, to apportion taxes and costs, and to
cancel a portion of a tax deed. The demurrer was overruled,
and defendant Hewes appealed to the supreme court.

*E. J. Bowers* and *McWillie & Thompson,* for appellants.

1. By the act of February 17, 1888 (laws 1888, ch. 166, p.
206), it is provided that whenever lands in Harrison county
change ownership (and the land of Col. Seal did change owner·
ship by his death and their inheritance and the subsequent con-
veyance of that part involved in this suit), the owner shall
have the right to pay the taxes assessed against the land so
changing ownership to the sheriff and tax collector; and (sec.
2) where the change of ownership occurs in lands sold for
taxes the owner applying to pay the taxes (presumably on a
part of an entire assessment or of that embraced in a tax deed)
"shall pay over to the tax collector the proper *pro rata* share
of taxes due on said lands having changed ownership for the
benefit of said buyer of said lands at tax sale." What does
this mean? Does it not authorize the tax collector of Harrison
county to receive the redemption money, make apportionment,
etc., in case a party wishes to redeem a part of lands sold at
tax sale? Is not the chancery clerk wholly relieved of such
duties in such cases? Is the act of 1888 yet in force? It
seems to be kept alive by code 1892, § 8, and it does not appear
to be embraced by § 3 of said code.

2. What authority does code 1892, § 3873, give a chancery
clerk in the premises? Manifestly none except to be governed
by the face of the tax deed. He does not know anything about
the location of the land, or how it was assessed, whether in one
or more assessments. He is not authorized to examine the
assessment rolls or to be governed by them if he make the ex-
amination. He can no more separate the lands in the deed in
distinct sections than he could divide a forty acre tract by the
branches which run through it. What is he to do with the
costs? If it be said that the assessment rolls would enable the

clerk to apportion the taxes, it does not follow that the costs can be apportioned according to the value of the tracts, any more than according to their acreage, and the statute fixes neither as a standard of apportionment. The cost of a sale of one-tenth part of an acre is as great as the costs of any other piece, however large; and so of the charges; and the damages present almost as much difficulty. In short, there is no way provided for the clerk to apportion these things, and it follows of course that the law does not require him to do so, and that all the land in the deed must be redeemed or none. If this be true, then Clerk Hewes' demurrer to the bill of complaint should have been sustained. Again, the right of the tax purchaser (unless the act of 1888, above referred to, be in force and limits such right) requires an entire and not a partial redemption. It does not follow that he would have purchased any separate part of the whole. If a part be redeemed, it might, and very probably would, be found that the remainder was practically of no value, and in this way purchasers at tax sales would be discouraged, and considerable quantities of land in consequence would pass to the state, contrary to a well defined public policy. The rights of purchasers and public policy both lend sanction to the correctness of appellant's construction of the statute. Of course if the act of 1888 be in force and governs, the apportionment was demanded in this case of the wrong officer. Unless the act of 1888 controls, the separate present owners have jointly only such right as Col. Seal would have if he were living, and severally no one of them has a greater right. If Col. Seal were alive he could not redeem a part, say the most valuable of the land, leaving a balance, say the most worthless pieces, without doing an injustice to the purchaser. Sintes, the purchaser, has a right to look to the whole as a security for or return of his investment. His money, every cent of it, is secured in case of redemption, by something in the nature of a lien, on every foot of the land. To allow a redemption of a part is to remove that part from

liability to the purchase money not restored by the partial redemption.

3. The demurrer ought not to have been overruled. Mr. Hewes, whose only desire is to follow the law, has no personal interest in the controversy, and the demurrer should have been sustained because there was no equity in the bill as against him. He is an officer of the chancery court, and subject to its commands without being sued.

*H. Bloomfield* and *Ford & White,* for appellee.

We insist that the illegal act of the tax collector in selling these widely separated tracts of land in one common deed could under no circumstances be urged as a reason for denying the appellant her constitutional right of redemption, even though the special act of 1888 were still in force; but there can be no doubt but that under § 3, code 1892, this special act was repealed. The subject of redeeming lands from tax sales was undoubtedly revised and brought forward, and the code provision on the subject is now the law. There is no warrant for the construction placed upon this statute by the clerk to the effect that an owner of land will not be permitted to redeem his land from a tax sale, unless he assumes the burden of paying the taxes, damages, and costs on the lands of a stranger, wrongfully and illegally sold by the tax collector along with that of the applicant. Such a payment would be purely voluntary, and confer no lien for the recovery back of the money thus paid out, and therefore impose upon an owner of land a burden which would in many instances be an absolute denial of a constitutional right. The laws of Mississippi contemplate that the owner of any parcel of land sold for taxes, however small, has the absolute right at any time within two years after a sale for taxes to have the amount of taxes on his land ascertained, and to redeem it without calling on him to discharge the taxes due by some one else.

CALHOON, J., delivered the opinion of the court.

We do not decide whether ch. 166, p. 206, acts 1888, is or is not in force, or whether, if in force, it makes tax payments on change of ownership to go exclusively to the sheriff, or merely gives the sheriff an equal right with the chancery clerk to receive them, or whether it applies at all after the tax collector's deeds have been filed with the clerk. It is immaterial in this case, because the sale to Sintes was void. There was no sale. Sintes has no right except to be reimbursed his outlay, with interest, etc., on all the land redeemed (code 1892, § 3830), and the clerk may receive that and cancel (*Id.,* § 3823). Any one in interest, or any one for him, in case of such void sale, may redeem the whole, not part, of any lot or tract separately assessed by paying the chancery clerk on that as required by code, § 3823, because, where a tax conveyance embraces parcels separately assessed, each of such parcels must be treated as if separately conveyed to the purchaser at tax sale. It is easy enough for the clerk, with the rolls at hand, to ascertain amounts, and cancel as to parcels so redeemed.

*Decree overruling demurrer to the bill affirmed, and cause remanded, with thirty days to answer after mandate filed below.*