HENRY BRANNAN *v.* EMILY C. LYON.

TAXATION.    *Tax sale.    Tender of taxes.*

> Where a taxpayer seasonably tendered to the tax collector the
> full amount of taxes on his land, and the tender was refused,
> the officer leading the taxpayer to believe that the taxes had
> been paid by another, a sale of the land thereafter for said taxes
> will be void.

FROM the chancery court of Jackson county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs. Lyon, the appellee, was complainant, and Brannan, the
appellant, defendant in the court below.    From a decree in
complainant's favor the defendant appealed to the supreme
court.

The object of the suit was to confirm two tax titles to lands.
The first was predicated of a sale made on March 7, 1898, for
the taxes of 1897.    The other was based upon a sale made
March 6, 1900, for the taxes of 1899.    Defendant admitted
that the sales were made as alleged, but defended on the ground
that he had paid the taxes on the lands sold in 1898; and, as
to the lands sold in 1900, his answer sets up the defense that
he tendered to the tax collector on November 21, 1899, all the
money due for the taxes on the lands sold, but the
tax collector refused to receive it, saying that some other parties
had paid the taxes on the land and that nothing was due for
taxes for the year 1899.    There was no testimony to sustain
the answer as to the payment of the taxes on the lands sold in
1898, but Brannan, the appellant, testified that he had ten-
dered the taxes due on the lands sold in 1900 to the tax collector
on November 21, 1899, and was told by him that some one else
had paid the taxes due, and that officer refused to take the money
tendered, and further that the tax collector handed him a writ-

ten list of lands on which the land in question was shown to have been paid upon by another. This testimony was uncontradcted.

*C. H. Wood,* for appellant.

We first note that the appellant, Brannan, in his answer and in his testimony states that on November 21, 1899, he tendered to the tax collector all the money for the taxes due and owing on the W ½ of N. E. ¼, and E ½ of N. W. ¼, sec. 7, T. 6, R. 4, West. The tax collector refused to take the money, for the reason, he said, some one else had paid the taxes. This testimony is uncontradicted, but is corroborated by the list of his lands furnished by the tax collector marked "pd." Was this tender of the taxes by Brannan sufficient in law to prevent a sale for delinquent taxes?

The counsel for the appellee in the court below contended that nothing but the prescribed tax receipt, as provided by Code 1892, § 3807, could be shown to invalidate a tax sale. This view was upheld by the court. The court completely ignored sec. 3817 of the code, which says: "If any part of the taxes for which the land was sold was illegal or not chargeable on it, but part was chargeable, that shall not affect the sale or invalidate the conveyance, unless it appears before the sale the legally chargeable tax on the lands was paid or tendered to the tax collector." This section is the same as Code 1880, § 528.

In *Lewis* v. *V. & M. R. R. Co.,* 67 Miss., 85, Judge Campbell says, "And this (the tax) not having been tendered before sale, it was legally sold."

In *Perret* v. *Borries,* 78 Miss., 936, the owner was allowed to show by parol testimony that she had paid her taxes on the lands sold, but that the tax collector had misdescribed the lands in the tax receipt. This court has held on the construction of Code 1892, § 3807, "that it means that such receipt is the only receipt valid in favor of the collector, and it was never intended to take from one who had actually paid his taxes on his estate

for failure of the officer to give the precise form of receipt called for by the statute."

"A *bona fide* attempt to pay, frustrated by fault of the tax officer, is equivalent to actual payment, and will bar a sale." 25 Am. & Eng. Ency. Law, 284.

"A sale after payment or tender conveys no title to the purchaser." *Ib.* "If a party offers and is ready to pay the taxes, a refusal to receive them renders a manual tender unnecessary." *Truey* v. *Irwin,* 18 Wall., 549; *Atwood* v. *Weems,* 96 Otto, 138.

"A lawful tender of taxes to an officer authorized to receive it is equivalent to payment of the tax, and will avoid a subsequent sale." *Schenck* v. *Pary,* 1 Dill., 267.

"To authorize a tax collector to sell property to enforce payment of taxes, there must be both a legal disability on the part of the owner to pay the taxes and a legal default in making payment." *Green* v. *Craft,* 28 Miss., 70.

"Tender of the taxes by any one who has the right to make payment is effectual to prevent a sale, whether the tender is accepted or not." 2 Cooley on Taxation, 808; Black on Tax Titles, sec. 158.

*Ford & White,* for appellee.

As to the tax sale made in the year 1900 for the taxes of 1899, the sole defense interposed in this case was that no taxes were due because the taxes had actually been paid by the Delta & Pine Land Company, and that appellant offered to pay the taxes on it, but was told by the tax collector that the Delta & Pine Land Company had already paid on it. It is nowhere alleged that appellant was misled or deceived by the statement, but appellant seems to have contented himself with the belief that because he understood the tax collector to say that some other person had paid the taxes, therefore he was absolved from any duty to pay his taxes. While such a statement, if negligently made by the tax collector, might have given ap-

pellant a claim for damages against the tax collector for any expense thereafter incurred in paying his taxes or redeeming his land from tax sale, it certainly did not have the effect of relieving the property of taxation. If this were the law, any mistake made by the officer or by the tax collector, under the belief that the property had in fact been paid on by another person, would have the effect of discharging the lien for taxes. It was never contemplated in this or any other state that a person could relieve himself from the just burden of taxation by simply showing a mistake made by a revenue officer. The authorities cited by counsel to the effect that a tender of taxes which, if refused, will defeat a tax sale, have reference to a case where there is a controversy as to the liability for taxes, and where a certain amount is tendered in discharge of the entire taxes, not where there is a misapprehension or mistake as to whether the taxes have been paid or not, and a failure to pay by reason of such a mistake. In this case it was not pretended on the trial that the Delta & Pine Land Company had in fact paid the taxes, which, of course, would have discharged the lien, but simply an effort on the part of the appellant to escape his just liability for taxes on his property by proving that he was ready and willing to pay them, but was simply advised that another person had paid such taxes. If appellant had shown that he was misled and deceived by the tax collector, and that he never discovered the fact that his land had been sold for taxes until after the period for redemption had expired, and had made his answer a cross-bill seeking to redeem from the sale, the court might have held that he was entitled to some equitable consideration; but where, as in this case, there was simply a cold-blooded attempt to escape payment of taxes by showing that he thought some other person had paid them, and when such fact did not exist, and seeking simply to defeat a tax title on this ground, and where there is no proof to sustain it, we submit that the defense fails.

We have never contended, and do not now insist, that nothing but a prescribed form of tax receipt will establish the payment of taxes, for it was our misfortune to. be connected with the case of *Perret* v. *Bories,* 74 Miss., 936, in which the court held that, where it appeared that the taxes were actually paid by the taxpayer, a failure of the tax collector to give him a receipt showing a proper description of the land paid on would not prevent him from denying the validity of the tax title. But in that case it did abundantly appear—in fact, was not disputed—that the taxpayer had paid all the taxes due, and lacked only a proper receipt describing the land. Whereas in this case it abundantly appears, and is not a disputed fact, that neither said Brannan nor any one else paid the taxes upon this land, and therefore the Perret-Bories case is not authority in support of the defense alleged.

We insisted in the lower court, and still insist, that Code 1892, § 3817, controls in this case, and which provides "that a tax sale shall vest in the purchaser a perfect title, subject to the right of redemption; and that no such conveyances shall be invalidated in any court except by proof that the land was not liable to sale for taxes, or that the taxes for which the land was sold had been paid before the sale." The provision in this section to the effect that where a part of the tax was legal and a part illegal, this shall not invalidate the sale unless the valid part of the tax be paid or tendered to the tax collector, does not in any sense affect this case. Here the whole tax was perfectly legal, and there was no ground upon which a tender, such as contemplated by this section, could be made so as to invalidate the sale.

WHITFIELD, C. J., delivered the opinion of the court.

The action of the chancellor was correct, so far as the sale made on March 7, 1898, for the taxes of 1897, is concerned, and the decree as to that land is affirmed. But his action in respect to the sale of land on the first Monday of March, 1900,

for the taxes of 1899, was incorrect, for the reason that the evidence conclusively shows that the appellant tendered the full amount of the taxes to the tax collector, who not only told him that the taxes had been paid already, but handed him a written list of lands on which this identical land was shown to have been paid on by the Delta & Pine Land Company. A sale under such circumstances is, of course, void. As to this land, therefore, the decree is reversed, and the bill as to this land dismissed.

*Decree here accordingly.*