CRorow Hardwood Company *et al. v.* Moye *et al.*

(Division A. Nov. 16, 1931.)

[137 So. 493. No. 29501.]

Shivers & Shivers, of Poplarville, Jack Shivers and L. L. Tyler, of Picayune, and W. J. Gex, of Bay St. Louis, for appellant.

Hathorn & Williams, of Poplarville, for appellees.

Argued orally by **J. Shivers,** for appellant, and by **Fleet Hathorn,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellees, consisting of a child of F. A. Moye, deceased, and descendants of other children, as heirs-at-laws, filed their bill against the Crorow Hardwood Company, L. O. Crosby, and Lamont Rowland, setting up title to a certain forty-acre tract of land in Pearl River county deraigning their title through their ancestor, F. A. Moye, from the government to the state, and letters patent from the state to F. A. Moye, and alleging that the defendants had cut timber from these lands of the value of two thousand five hundred dollars, and sought a recovery from the appellants for the value thereof.

The appellants answered admitting that the appellees were heirs-at-law of F. A. Moye, but claimed title to the lands in controversy by adverse possession, by laches, under a tax title acquired by their predecessors in title in 1880, and under a tax title acquired by their predecessors in title in 1886.

The court below rejected these defenses and entered a decree on behalf of the appellees against the appellants for fifteen hundred dollars, and, from this decree, Rowland, Crosby, and the hardwood company appeal here.

After a careful study of this record, we have reached the conclusion that the tax title of 1886 vested title in the purchaser thereat, there being no controversy but

that if the tax deed of 1886 be established as valid to convey the title to the lands in controversy then the appellees have no standing in court. The tax collector's deed is here set forth in full, omitting the acknowledgment:

"Tax Collector —— To —— Poitevent and Favre

"The State of Mississippi

"Hancock County

"I, Joseph Cazeneuve, Tax Collector of Hancock County, have this day according to law sold the following land situated in said County, to-wit:

"The W½ of Lot No. 2 in Section 10, Township 4 South, of Range 18 West, containing forty acres, more or less, and assessed to A. B. Spinney, for the taxes assessed thereon for the year 1885, when Poitevent and Favre became the best bidder at the sum of $——65/100 —— I, therefore, convey said land to the said Poitevent and Favre their heirs and assigns forever.

"Given under my hand the 2nd day of March, A. D. 1886.

"JOSEPH F. CAZENEUVE,

"Sheriff and Tax Collector.

| | |
|---|---:|
| Sheriff's fees Deed | $1.00 |
| Clerk fee certificate | .25 |
| Printers fee | .20 |
| State Tax | .05 |
| County Tax | .20 |
| Damages | .03 |
| Excess | .17 |
| Total | $1.90." |

The deed was duly acknowledged on the 31st day of March, 1886, and on the same day filed for record.

The appellees' attack on this deed, which was sustained by the court below, is that the consideration set out in

the body of the deed is sixty-five cents, which, it is argued, is less than the amount of taxes and all costs, and, that being the case, the sheriff could not have sold the land to an individual for less than the taxes and all costs. In other words, the bid of the purchaser at this sale was not enough to cover the fee of one dollar allowed to the sheriff for executing the deed, and the fee of the clerk of twenty-five cents for acknowledging same; they contended that in order to comply with the law the individual must have bid, in this case, one dollar seventy-three cents, and, because of not having so done, it was the duty of the sheriff under the law to strike off the lands sold to the state. The appellees, and the court below, based this view entirely upon the case of Yazoo-.Delta Mortgage Co. v. Lumbley, 149 Miss. 864, 116 So. 95, 97.

The appellants contend that according to the deed the purchaser bid an amount sufficient to cover all taxes and all costs and an excess of seventeen cents; that it was not necessary for the sheriff to require a bidder to bid for lands at a tax sale at that time an amount to equal costs which accrue after the moment of the public sale.

In the Yazoo-Delta Mortgage Co. v. Lumbley Case it was shown that the tax deed on its face recited the bid, as consideration thereof, to be sixty-four dollars and thirteen cents, while there was disclosed upon the back of the deed a notice that the total amount of tax due on the property described was seventy-three dollars and fifty-four cents, it being there contended that the tax sale and deed thereunder was void for the reason that the tax collector had no power to make a sale for an amount less than the taxes, costs, etc., due on the property. The court there proceeded to construe section 6103, Hemingway's Code, 1927, as to the duty of the sheriff to strike off the lands to the state where no one will bid the whole amount of the taxes and all costs, and there held that

said section must be complied with and the failure so to do would render the sale and deed thereunder void. Judge ETHRIDGE, as the organ of the court, said in conclusion: "Section 6103, supra, is an important statute designed to protect both the state and the landowner. If a sale for less than the amount of taxes, damages, and costs can be made, and if it were valid when made, the state might be wholly unable to collect this revenue from the land so taxed, as the individual might be insolvent and the land would be the only means of affording the state a certainty of securing its revenue. On the other hand, it would be highly prejudicial to the individual owner, for the reason that the lands might be put up and sold for a mere fraction of the taxes due, leaving a personal debt due by him to the state which could be collected by judgment and execution, as a debt due by the debtor to the state under section 4256, Code 1906 (Hemingway's Code 1927, section 8189). See, in this connection, also, Womack v. Central Lumber Co., 131 Miss. 201, 94 So. 2; Hewes v. Seal, 80 Miss. 437, 32 So. 55; Brannan v. Lyon, 86 Miss. 401, 38 So. 609."

It will be observed that the question here sharply presented is: Does the failure of the bid of the purchaser at a tax sale to cover the costs of executing the deed subsequent to the time of the actual sale render the sale and the deed thereunder void? It may be said that there is practically no difference in the statute considered by Judge ETHRIDGE in the Lumbley case, supra, and the statute which we shall now proceed to discuss with reference to the point involved in this case. We do not think the Lumbley Case is decisive of the question presented here now for decision. What constituted "all costs" within the meaning of the statute was not considered by the court.

Section 523 of the Code of 1880 was the applicable law with reference to the duty of the sheriff to strike off to the state in the event no person would bid for the land

offered for sale the whole amount of the taxes and all costs. We think it proper to consider section 524 of the same Code in connection with section 523, which fixes the compensation of officers and publishers. By section 524, the tax collector is allowed additional compensation of ten per cent on all taxes collected by counsel. He is also allowed one dollar for every conveyance made by him for land sold to individuals for taxes. The clerk is allowed twenty-five cents for acknowledging the sheriff's conveyance of the land sold to an individual, and is also allowed ten cents for each legal subdivision of land sold by the sheriff to the state for recording same. The publisher is allowed twenty cents for advertising each separately described division of land. The statute further provides that the auditor is allowed five cents for each legal subdivision of land separately described in the list of lands sold to the state and recorded, and then the statute is in these words: "But the state shall not be liable for and shall not pay any of the foregoing fees, except those due the publisher of the newspaper for advertising the lands sold to the state, which shall be allowed to the collector by the auditor, on settlement, and shall be paid by the collector to the person entitled thereto. The fees due the clerk of the chancery court, and the auditor under this section, shall be collected on the redemption or purchase of the land, as hereinafter provided for, and shall be paid to the parties entitled thereto."

Section 528 of the Code of 1880 provided that if land sold for more than the amount of the taxes due, and all costs, the excess should be paid to the owner on demand, or to the county treasurer, for the use of such owner, and should be paid over to him by the treasurer on demand.

Section 531 of the Code of 1880 provided for the filing of the deed by the sheriff with the clerk to remain there

one year from the day of sale, unless sooner redeemed, and provided in these words: ''And the owner of such land, or any person for him, may redeem the same within the said year by paying to the said clerk the whole amount of tax for which such land was sold, *with all costs and charges* consequent upon said sale, and twenty-five per centum damages upon the amount of said tax and all costs, and also all state and county taxes that have accrued on said land since said sale; and also five per centum on the whole amount of such redemption, for the compensation of said clerk for making the same.'' (Italics ours.)

Section 536 of the Code of 1880 fixed a lien on the land sold in favor of the purchaser at a tax sale for the taxes and twenty-five per centum on the taxes, and interest at rate of ten per cent per annum, ''and all expenses of the conveyance and registration,'' etc.

It will be observed that the fees provided, as far as the sheriff is concerned, in section 524 are denominated additional compensation; a prior section having fixed the fee at five per cent and less of the amount of taxes.

It will also be observed that by section 524 the state is not liable for any of the fees fixed in the section in favor of various officers, except that due the publisher of the newspaper for advertising the lands. In other words, if the land is sold to the state, the amount of fees necessary to protect the state is specifically provided for, and how that fee shall be paid, showing clearly the legislative intent to differentiate the state's interest in the sale from the costs to be paid when sold to an individual. The state is not liable for one dollar to the sheriff for executing a deed, nor could this one dollar be termed a part of the taxes and costs for which the state could sue the owner of the lands. When the sale is being held, no such cost is in contemplation of the sheriff who cries the sale, or the purchaser who bids at the sale; they must have in consideration the amount of

costs for which the state is liable and which has accrued to the moment of the sale. The sheriff's and clerk's fee, respectively, for executing and acknowledging the deed is no part of the costs referred to by the statute. One aim of the statute, as said by Judge ETHRIDGE, is to see that the state is fully protected by the sale. The other is to see that the owner's land is not taken from him by an individual purchaser unless the taxes and costs are paid by the purchaser, so that there may not be left a liability against the owner by the sale of his land for a less amount than the taxes and all costs due thereon. The Lumbley Case did not consider what constituted all costs, and, so far as we are able to ascertain, this is the first time this matter has been presented to the court. The Lumbley Case is not controlling here, and did not decide what constituted costs. The thing apparent there was that the taxes due had not been bid by the individual purchaser, and thereby it was the duty of the sheriff in that event to have sold the lands to the state, thereby protecting the state for its taxes and all costs, and at the same time protecting the owner of the lands from a suit by the state for a balance now collectible as debt.

The one dollar and twenty-five cents due the sheriff and clerk must be paid by the purchaser of the land, and is no part of the costs which had accrued to the time of the sale, and that is the moment when the sheriff must determine, in the past tense, what has occurred, rather than look to the future for fees due him subsequent to the sale, not provided to be paid by the state, and in the collection of which the state is in no wise concerned, and from which the state exonerates itself from liability by its statute. It may be noted that, when a lien is fixed on the land in case of an illegal sale, it is specifically stated that a purchaser may recover the expenses of *conveyances* and *registration,* showing that these charges are

to be paid by him, not as a part of the consideration of the sale, but as a matter of acquiring a title in virtue of his bid at the sale. It will further be noticed that the section which provides for the redemption of the land by owners carefully used the language "all costs *and charges* consequent upon said sale." We must say that the Legislature had in mind that these charges in favor of the purchaser for the costs of conveyance and registration are distinguished from the costs which accrue up to and including an individual bidder's purchase at a tax sale. The reasons announced for the decision in the Lumbley Case utterly fail in the case at bar.

We are of the opinion that the Lumbley Case does not control here, that the question here decided was not before the court, and that the fees of the sheriff and clerk for executing and acknowledging the deed are not a part of the costs to which this statute has reference. The tax sale was valid, and the appellants in this case, having acquired their title to the land here in controversy by successive conveyances on which no attack is made and to which we see no objection, are the owners of the land, and this suit cannot be maintained against them. The tax sale was effectual to divest appellees' ancestor of all title, and, consequently, they now have no title.

Reversed, and decree here for appellants on direct appeal.